STATE of Utah, Plaintiff and
Appellant,

v.

Roger Dale SMITH, Defendant
and Respondent.

No. 880099–CA.

Court of Appeals of Utah.

Nov. 18, 1988.

Patrick B. Nolan, Panguitch, for plaintiff and appellant.

James L. Shumate, Cedar City, for defendant and respondent.

Before GREENWOOD, DAVIDSON and BILLINGS, JJ.

MEMORANDUM DECISION

PER CURIAM:

The State appeals the dismissal of its information, filed in the Sixth Circuit Court, charging the defendant Roger Smith with custodial interference under Utah Code Ann. § 76–5–303(1) (1988). We affirm the dismissal.

On May 27, 1987, a 15 year old girl ran away from her home in southern Utah. She met Smith and he drove her to Grand Junction, Colorado in order to "be away for awhile." Although the extent of any prior relationship between the girl and Smith is not shown by the record, it is clear that they are not related by blood or marriage. When located a few days later by sheriff's deputies, Smith and the girl voluntarily submitted to the custody of the Grand Junction Police and returned to Utah. Smith was charged with custodial interference, in this case a third degree felony. The charge was dismissed when the trial court ruled that the crime of custodial interference required proof that Smith was a party to, or involved with, a child custody order that had been violated.

The issue presented on appeal is straightforward, requiring an interpretation of the express statutory language of section 76–5–303(1) in light of the facts alleged by plaintiff. We reject the interpretation

urged by appellant and affirm the trial court's dismissal of the charge.

■ Section 76–5–303 defines the offense of "custodial interference":

(1) A person, whether a parent or other, is guilty of custodial interference if, without good cause, the actor takes, entices, conceals, or detains a child under the age of 16 from its parent, guardian, or other lawful custodian:

(a) Knowing the actor has no legal right to do so; and

(b) With intent to hold the child for a period substantially longer than the visitation or custody period previously awarded by a court of competent jurisdiction.

(2) A person, whether a parent or other, is guilty of custodial interference if, having actual physical custody of a child under the age of 16 pursuant to a judicial award of any court of competent jurisdiction which grants to another person visitation or custody rights, and without good cause the actor conceals or detains the child with intent to deprive the other person of lawful visitation or custody rights.

(3) Custodial interference is a class A misdemeanor unless the child is removed and taken from one state to another, in which case it is a felony of the third degree.

Section 76–5–303(1) is intended to prohibit those persons whose custodial and visitation rights have been determined or affected by a previous court award from interfering with the custodial or visitation rights of others. The interfering person may be a natural parent of the child or have some other relationship, such as stepparent or grandparent. Our statute requires the accused person to have secured temporary custody or visitation of the child, or otherwise acted pursuant to a court order. The accused must then take, entice, conceal or detain the child longer than the period allowed by that order or for a time not permitted therein.

Appellant agrees that paragraph 2 of section 76–5–303 contemplates the existence of a court order of custody but argues that paragraph 1 does not. We disagree. The plain language of section 76–5–303(1)(b) requires that the detention be intended "for a period substantially longer than the visitation or custody period *previously awarded by a court....*" (emphasis added). Subsection 1(b) criminalizes the conduct of those who, when exercising visitation or custody under the aegis of a custody order, act to deprive another person of her or his custodial or visitation rights in derogation of that existing order. The language chosen by the legislature to define the offense does not support appellant's argument that any person, and not just those who are subject to a custody or visitation decree, may violate this section. The offender must act in derogation of his or her right under the order.

Section 76–5–303 is intended to proscribe specific circumstances in which custodial interference may arise. It is not so broad and general as to create a "catch-all" remedy for every instance when a parent's wishes are not followed. Subsection 2 proscribes conduct by a person who rightfully exercises physical custody under a decree but acts to deprive another of his or her visitation rights under a court order. While there may be factual circumstances when a person violates both subsections 1 and 2, we are persuaded that the offense defined by paragraph 1 generally applies to the conduct of parents who do not have primary custody, and paragraph 2 is intended to apply to obstreperous conduct by parents with primary custody.

Appellant also argues that its interpretation of our "custodial interference" statute is supported by the decisions by courts in other states. Our decision here is not inconsistent with these decisions by other courts when those courts have interpreted and applied the specific language of their own respective statutes. None of the statutes of the other states which appellant has cited requires that an accused person act with intent to hold a child beyond the visitation or custody time period permitted the

accused by a court order.[1]

Were we to adopt the unlimited interpretation appellant urges upon us, the elements of custodial interference would be substantially identical to the elements of child kidnapping, a first degree felony under Utah Code Ann., § 76–5–301.1 (1988). Appellant's definition of custodial interference also includes the offense of kidnapping under Utah Code Ann. § 76–5–301(1)(d), which defines the kidnapping of a minor as any detention or restraint without consent of a parent or guardian. Such a construction ignores the fact that each of these statutes is intended to proscribe different conduct. *State v. Cross*, 649 P.2d 72, 74 (Utah 1982). According to appellant, any person who should undertake a charitable gesture of temporarily sheltering or transporting a youth without express parental consent would be guilty of custodial interference. We do not believe this was the result intended by the Legislature.

■ Whether only a natural parent can violate section 76–5–303(1) is not presently before us and we express no opinion thereon. But we do determine that Smith, having no connection with or knowledge concerning any court order regarding child custody or visitation, has not committed custodial interference as defined by section 76–5–303(1).

The dismissal By the Circuit Court of the charge against Smith is affirmed.

All concur.

1. Indeed, several of the state statutes cited by appellant broadly define the offense of "custodial interference" as action by *any* person to detain or remove a child knowing that the person "has no legal right to do so" or some such similar language. *See* Ariz.Rev.Stat. § 13–1302 (1984); Colo.Rev.Stat. § 18–3–304(1) (1986); Kan.Stat.Ann. § 21–3422 (1986); and N.M.Stat. Ann. § 30–4–4 (1977). Our construction of Utah Code Ann. § 76–5–303(1) is supported by the fact that a subsection 3 of the statute containing similarly broad and unrestricted language was deleted by our State Legislature in 1984. *See* Utah Laws, Ch. 18, § 7 (1984).